IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAI NGUYEN,<br><br>    Petitioner,<br><br>  vs.<br><br>L. E. SCRIBNER, et al.,<br><br>    Respondents.<br>_____/ | No. CIV S-06-1389-GEB-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 8), filed on September 8, 2006. Petitioner filed an opposition (Doc. 10) on September 25, 2006.

**I.  BACKGROUND**

Petitioner was convicted of second degree murder. The jury also found that petitioner had used a firearm. Petitioner was sentenced to 40 years to life. Petitioner's conviction and sentence were affirmed on direct appeal on December 19, 2002. The California Supreme Court denied review on March 19, 2003.

1

Petitioner then filed three petitions for writs of habeas corpus in the state courts. Petitioner filed a habeas corpus petition in the Sacramento County Superior Court on June 15, 2004.[1] That petition was denied, with citation to In re Clark, 5 Cal.4th 750 (1993), on August 10, 2004. Petitioner filed his second petition on December 9, 2004, in the California Court of Appeal. That petition was denied on December 29, 2004. Finally, petitioner filed a third petition on January 27, 2005, in the California Supreme Court. That petition was denied on January 4, 2006.

## II.  DISCUSSION

Respondent argues that the petition is untimely. The court agrees.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). The one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000). Imposition of a state procedural bar, however, does not

---

[1] This date gives petitioner the benefit of the "mailbox rule." See Houston v. Lack, 487 U.S. 266 (1988); see also Saffold. v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000).

necessarily render the application improperly filed.  See id. at 9.  For example, California's rule governing the timeliness of bringing an application for post-conviction relief is subject to numerous exceptions.  See In re Clark, 5 Cal.4th 750 (1993).  Because the state court would be required to examine the merits of a petition before deciding whether an exception applies, it should be considered by the federal court to have been properly filed, even if untimely.  See Dictado v. Ducharme, 244 F.3d 724, 728 (9th Cir. 2001).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, the California Supreme Court denied direct review on March 19, 2003.  The 90-day period to seek review by the U.S. Supreme Court ended on June 17, 2003. Therefore, the one-year limitation period began to run the following day, on June 18, 2003.  The last day for petitioner to file his federal petition was June 17, 2004.  Even assuming that the limitations period was properly tolled from the day he filed his first state post-conviction application on June 25, 2004, through the date the last of his applications was denied on January 4, 2006, the instant petition is still untimely. At the time he filed his first state post-conviction

application on June 15, 2004, there were two days remaining in the one-year limitations period. Assuming that the clock started again on January 4, 2006, when his last such petition was denied, he would have had until January 6, 2006, to file his federal petition. Petitioner, however, waited until June 22, 2006.[2] While petitioner argues that he was diligent with respect to the intervals between state post-conviction petitions, he does not address the delay between the denial of the last state petition and the filing of the instant federal petition.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss be granted; and
2. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2006.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[2] Even assuming a filing date of June 15, 2006 – the earliest date on which he could have given prison officials his petition for mailing to the court – the petition is still late.